Mr. Justice Nott
delivered the opinion of the court:
In all deeds or covenants for the conveyance of land, it is necessary that they should be identified in some way of other. They may be so described by metes and bounds as to render the number of acres mentioned unworthy of consideration. As in the case of Briggs & Peay, (2 Nott & McCord, 184) where the land was sold with reference to a plat which was present, and delivered over to the purchaser with the deed. There it was held that he was entitled to hold all the land contained withiri the lines of the plat referred to, although it amounted to a great deal more than the deed called for. Sometimes the number of acres will govern ; as when a.person sells an hundred acres of land to be taken off of the northern or southern part of a certain tract of land, (describing it,) containing any greater number of acres. Sometimes a farm may be known by a particular name or its situation. As if a person should sell his farm called the Elysian-fields, or his farm adjoining Columbia. In such cases, the entire farm will pass, although it contain a greater number of acres than is mentioned in the deed, provided the metes and bounds are sufficiently known without being particularly described; (Jackson vs. Barrenger, 15 Johnson, 471.) So that whether the number of acres or the metes and bounds constitute an essential part of the contract, or are *442 intended as mere description, must depend upon all these' circumstances. In the case under consideration, the'defendant undertakes to convey a tract of land containing three hundred and sixty acres. The land is not so described by metes and bounds as to furnish any data by which the number of acres might be known It is described as joining the land of other persons merely for the purpose of fixing its locality. Its extent is not exhibited bj*- any visible and known marks by which its identity can be established by ordinary evidence aliunde. It can be ascertained only by actual survey. Upon the common principle, therefore, that a deed must always be construed most strongly against the maker of it, the plaintiff is entitled to recover to the whole extent of this covenant.— Suppose upon a survey the land had been found to contain only twenty acres, could it have been contended that the defendant had only sold the tract for more or less, and that his contract had been fulfilled ? The law does not indeed regard trifles; and if the deficiency had consisted of a mere fragment, the action could not have been sustained. Even seventeen acres out of a large tract of pine barren land might be considered as beneath the notice of the law. But of good land, near a village, it is of no inconsiderable value. In a town, a foot of land may be of great value. This court is satisfied with the instructions given to the jury in the court below, and the motion must therefore be dismissed.
Whitner, for the motion.
Mayson, contra.
Justices Colcock, Gantt, Richardson, Huger and Johnson, concurred.